UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division



ELLA CHAPPELLE,

    Plaintiff,

v.                                                          Civil Action No. 2:10cv235

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

## OPINION AND ORDER

This matter is currently before the court on plaintiff's objections to the United States

Magistrate Judge's Report and Recommendation ("R&R"). The court has reviewed the briefs

and record and finds that oral argument is unnecessary because the facts and legal arguments are

adequately presented, and the decisional process would not be significantly aided by oral

argument. For the reasons stated herein, plaintiff's objections to the R&R are **OVERRULED**,

the R&R is **ADOPTED** in its entirety, and the Commissioner's final decision is **AFFIRMED**.

Accordingly, plaintiff's Motion for Summary Judgment is **DENIED**, and defendant's Motion for

Summary Judgment is **GRANTED**.

### Background

The court finds it unnecessary to set forth the factual background of this case given the

detailed and thorough discussion of the facts contained in the R&R.

Turning to the procedural history of this case, plaintiff brought this action under 42

U.S.C. § 405(g) seeking judicial review of defendant's final decision denying her claim for

disability insurance benefits under Title II of the Social Security Act (the "Act"). Thereafter, the court referred this matter to United States Magistrate Judge Tommy E. Miller pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of this court. By Order dated October 12, 2010, Judge Miller set a briefing schedule, in accordance with which the parties filed cross-motions for summary judgment. On July 18, 2011, Judge Miller filed the R&R recommending that the court affirm defendant's final decision. By copy of the R&R, each party was advised of the right to file written objections to the findings and recommendations contained therein within fourteen (14) days from the date the R&R was mailed. Plaintiff filed timely objections, and defendant responded. Accordingly, this matter is ripe for consideration.

### Standard of Review

When reviewing a magistrate judge's report and recommendation, the district court must make a de novo determination of those portions of the report to which objections are made. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C).[1] In so doing, the district court is authorized to accept, reject or modify, in whole or in part, the findings and recommendations made by the magistrate judge. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C).

As noted in the R&R, the scope of judicial review of a final decision made by the Commissioner of the Social Security Administration is limited. A reviewing court "must uphold the factual findings of the [Commissioner] if they are supported by substantial evidence and were

---

[1] Although it is not required to do so, the court has conducted a de novo review of the entire R&R. See North Jefferson Square Assocs., L.P. v. Virginia Housing Dev. Auth., 94 F. Supp. 2d 709, 713 (E.D. Va. 2000) (noting that the court "is not required to review the factual or legal conclusions of the Magistrate Judge as to those portions of the Report and Recommendation to which no objections are addressed"); Thomas v. Arn, 474 U.S. 140, 149 (1985) (rejecting the claim that, in the absence of objections to an R&R, "[a] district judge must still review the magistrate's report under some lesser standard").

reached through application of the correct legal standard." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (quoting Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001)). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (citing Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996)). Stated another way, substantial evidence "consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig, 76 F.3d at 589 (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)).

In reviewing the record for substantial evidence, the court does not "undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Commissioner." Johnson, 434 F.3d at 653. Rather, "[w]here conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [Commissioner]." Id. Indeed, if the Commissioner's decision is based on substantial evidence, it must be affirmed regardless of whether the reviewing court would have reached a different conclusion. Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). Thus, the issue currently before the court is not whether plaintiff is disabled, but whether the Commissioner's finding that plaintiff is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. See Johnson, 434 F.3d at 653 (citing Craig, 76 F.3d at 589).

### Plaintiff's Objections

Plaintiff's objections to the R&R focus on the ALJ's decision to give minimal weight to Dr. Goldberg's opinion regarding the severity of the limitations caused by plaintiff's impairments. In support of her motion for summary judgment, plaintiff argued that the ALJ

3

erred by not according Dr. Goldberg's opinion controlling weight. In the alternative, plaintiff argued that the ALJ erred by not considering the factors set forth in 40 C.F.R. § 404.1527(d) when determining what weight to give Dr. Goldberg's opinion. The Magistrate Judge, however, found that substantial evidence supported the weight afforded Dr. Goldberg's opinion by the ALJ, and further found that the ALJ properly considered the relevant regulatory factors when determining what weight to give Dr. Goldberg's opinion. In objecting to the R&R, plaintiff contends that the R&R improperly concludes that the weight given Dr. Goldberg's opinion by the ALJ is supported by substantial evidence.[2]

### Analysis

The evaluation of medical opinion evidence is governed by 20 C.F.R. § 404.1527. Pursuant to that section, the Commissioner generally gives "more weight to opinions from [a plaintiff's] treating sources." 20 C.F.R. § 404.1527(d)(2).[3] Indeed, as noted in the R&R, a

---

[2] In the introduction to her Objections, plaintiff also states that she objects to the R&R's recommendation that the ALJ properly evaluated her credibility with respect to the statements she made regarding her pain level. Although plaintiff's Objections do not discuss this matter in any detail, the court has conducted a de novo review of this issue and overrules plaintiff's objection for the reasons stated in the R&R. Moreover, it is important to note that plaintiff has not objected to the Magistrate Judge's finding that the ALJ considered the proper regulatory factors when determining what weight to assign Dr. Goldberg's opinions. Nevertheless, the court has considered this issue de novo and is of the opinion that the Magistrate Judge properly concluded that the ALJ considered the necessary factors when assigning weight to Dr. Goldberg's opinion. See Burch v. Apfel, 9 Fed. Appx. 255, 259 (4th Cir. 2001) (unpublished) (citing 20 C.F.R. § 404.1527(d) and noting that the ALJ's order "indicates consideration of all the pertinent factors"); Armijo v. Astrue, 385 Fed. Appx. 789, 795 (10th Cir. 2010) (noting that while the express application of each factor in § 404.1527(d) is not necessary, "the ALJ's decision [must be] sufficiently specific to make clear to any subsequent reviewers the weight [given] to the treating source's medical opinion and the reasons for that weight").

[3] A "treating source" is defined as "your own physician . . . , or other acceptable medical source who provides you, or has provided you, with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with you." 20 C.F.R. § 404.1502.

treating physician's opinion as to the nature or severity of a plaintiff's impairment is entitled to controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [a plaintiff's] case record . . . ." Id. Accordingly, an ALJ does have discretion to "give less weight to the testimony of a treating physician in the face of persuasive contrary evidence." Johnson, 434 F.3d at 654 (internal quotations and citations omitted).[4] Moreover, a treating physician's opinion that a plaintiff is "disabled" or "unable to work" is not entitled to controlling weight, or given any "special significance," because such statements are considered to be "administrative findings that are dispositive of the case," and are therefore "reserved to the Commissioner." See 20 C.F.R. § 404.1527(e).

Here, as previously noted, plaintiff contends that the Magistrate Judge erred in finding that the ALJ's decision to afford minimal weight to Dr. Goldberg's opinion regarding the severity of the limitations caused by plaintiff's impairments is supported by substantial evidence.[5] The court, however, disagrees.[6]

---

[4] See also Mastro, 270 F.3d at 178 ("[I]f a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight. Under such circumstances, the ALJ holds the discretion to give less weight to the testimony of a treating physician . . . .").

[5] In a letter dated November 17, 2006, Dr. Goldberg stated that plaintiff suffered from a combination of carpal tunnel, ulnar entrapment neuropathy, and right hand RSD severe enough to warrant her remaining out of work until she could see a pain management specialist, and that she would likely need "to be out of work further than that." R. at 322. Interestingly, as noted by the Magistrate Judge, Dr. Goldberg did not identify any specific functional limitations resulting from plaintiff's impairments that would prevent her from working.

[6] It should be noted that, as discussed by the Magistrate Judge, Dr. Goldberg's general assertion that plaintiff would need to be out of work for a significant period of time is, of course, not entitled to controlling weight or any "special significance." See 20 C.F.R. § 404.1527(e).

As noted by the Magistrate Judge and the ALJ, Dr. Goldberg's opinion is not supported by his own objective findings. Specifically, the neurological examination conducted by Dr. Goldberg on May 18, 2006, revealed 5/5 muscle strength in plaintiff's extremities with the exception of decreased grip strength in the right hand. This examination also revealed normal gait, normal reflexes, normal sensations, and normal tone, bulk, and muscle mass.

Dr. Goldberg's opinion as to the severity of plaintiff's impairments is also inconsistent with the opinions of other medical professionals who examined plaintiff. Dr. Lannik examined plaintiff in October of 2005. In his report, Dr. Lannik noted that while plaintiff complained of some soreness in her right hand, all digits had a full range of motion. Dr. Lannik did note that plaintiff's five position grip strength revealed some "marked inconsistency of grasp," but opined that he did not have a "full explanation" for the inconsistency given the "unremarkable clinical appearance of [plaintiff's] hand" at that time. R. at 221. As a result, Dr. Lannik referred plaintiff to Dr. Johnson, an orthopedic surgeon.

Dr. Johnson examined plaintiff in October of 2005 and reported normal external shoulder rotation and an internal shoulder rotation only a few degrees shy of normal. With respect to plaintiff's hand, Dr. Johnson detected no swelling or increased warmth, but did note reduced grip strength and some damage to the median nerve. Dr. Johnson concluded that plaintiff's reduced grip strength was likely due to disuse. Dr. Johnson also informed plaintiff that returning to work would not do any further damage to the median nerve, and might actually be beneficial in terms of regaining strength and flexibility.

Dr. Barr examined plaintiff in January of 2007 and reported that plaintiff had full range of motion and normal muscle strength and grip in her left upper extremity. With respect to

6

plaintiff's right upper extremity, Dr. Barr noted that, although her evaluation was "somewhat limited due to [plaintiff's] unusual exam during both passive range of motion and strength testing," plaintiff did present "noticeable giveaway" in muscle strength testing of the right wrist and flexion. R. at 366. As a result, Dr. Barr diagnosed plaintiff with recurrent right hand/arm pain and mild carpal tunnel in the right wrist.[7]

Finally, Dr. Goldberg's opinion regarding the severity of the limitations caused by plaintiff's impairments is not supported by the results of the various medical tests performed on plaintiff. Dr. Lannik ordered x-rays of plaintiff's right shoulder and right wrist in February of 2005 which were normal. Similarly, x-rays of plaintiff's right wrist in April of 2005 revealed no evidence of fracture, dislocation, degenerative change, or carpal instability. An EMG in June of 2005 did show mild carpal tunnel in the right wrist but no cervical radiculopathy, while an EMG in August of 2005 showed slightly worse carpal tunnel in the right wrist. An MRI in September of 2005 found no evidence of a fracture or contusion, but did note mild localized swelling of the fourth extensor compartment at the radiocarpal joint. The September MRI also noted that the carpal tunnel, flexor tendons, and ulnar median nerve were "unremarkable." Finally, a triple phase bone scan ordered by Dr. Barr in January of 2007 showed "no evidence of RSD or any other abnormality." R. at 365.

---

[7] In March of 2007, Dr. Barr indicated that plaintiff was "drawing this process out much longer than is actually needed," and that "there [was] no question that [plaintiff was] work avoiding." R. at 353-54. In her Objections, plaintiff contends that Dr. Barr's statements and opinions are "irrelevant to determining disability for the time period between February 4, 2005 to April 16, 2007." Pl.'s Objections, Dkt. No. 16, at 5. This, however, is simply not the case. Dr. Barr's examination of plaintiff in January of 2007 falls within the time period noted above. In addition, because they are supported by other medical evidence in the record, Dr. Barr's opinions and statements offer insight into the pre-January 2007 time period as well.

In light of the medical evidence discussed above, and for the reasons set forth in the R&R, the court finds that the ALJ's decision to assign minimal weight to Dr. Goldberg's opinion is supported by substantial evidence.[8] Accordingly, plaintiff's objection to the R&R must be overruled.

### Conclusion

Having reviewed the R&R de novo and fully considered the record, plaintiff's objections to the R&R, defendant's response to plaintiff's objections, and the parties' summary judgment memoranda, the court finds that the Commisioner's final decision is supported by substantial evidence and based upon a correct application of the relevant law. Therefore, the court hereby **OVERRULES** plaintiff's objections to the R&R and **ADOPTS** the R&R in its entirety. Accordingly, plaintiff's Motion for Summary Judgment is **DENIED**, defendant's Motion for Summary Judgment is **GRANTED**, and the final decision of the Commissioner is **AFFIRMED**.

The Clerk is also **REQUESTED** to mail copies of this Opinion and Order to counsel of record.

**IT IS SO ORDERED.**

/s/ _____
Jerome B. Friedman
SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
August _18_, 2011

---

[8] It is important to note that the ALJ did not dispute that plaintiff suffered from mild carpal tunnel syndrome and some median nerve damage. The ALJ simply found that the medical evidence presented did not support Dr. Goldberg's conclusion that these impairments were severe enough to prevent plaintiff from returning to work as a customer service assistant manager and/or as a human resource assistant. Moreover, as previously noted, while Dr. Goldberg concluded that plaintiff's impairments were severe enough to keep her from working, he never identified any specific functional limitations in support of his conclusion.